UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Robert Cardew,**

   Plaintiff,

v.

**Thomas Sticht, et al.,**

   Defendants.

**REPORT and RECOMMENDATION**

22-cv-6481-EAW-MJP

---

## INTRODUCTION

**Pedersen, M.J.** All litigants—including *pro se* litigants—must comply with court orders. *Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402 (S.D.N.Y. 1996) (quoting *McDonald v. Head Crim. Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988)), *aff'd,* 111 F.3d 2 (2d Cir. 1997). "When [a *pro se* litigant] flout[s] that obligation [he or she], like all litigants, must suffer the consequences of their actions." *Id.* (alterations added). I do not make a recommendation of dismissal lightly. Before doing so, I provide the *pro se* litigant an opportunity to respond.

Here, at my direction, the Clerk of the Court issued an order to show cause under Loc. R. Civ. P. 41(b) to *pro se* Plaintiff Robert Cardew ("Plaintiff") on June 13, 2024. (ECF No. 38.) My order directed Plaintiff to show cause by July 15, 2024, as to why this case should not be dismissed under Fed. R. Civ. P. 41(b). (*Id.*) Plaintiff did not respond. I thus

1

report and recommend that the Hon. Elizabeth A. Wolford, Chief Judge, enter an order dismissing Plaintiff's case.

## BACKGROUND

Plaintiff commenced this action on September 15, 2022, against Defendants DOCCS, Annucci, and Sticht (together, "Defendants"). Plaintiff alleges violations of the ADA and Rehabilitation Act during his confinement in Wyoming. (Compl. at 12, 15, 28-35, ECF No. 1.) Specifically, Plaintiff alleges that he is 63 years old and suffers from "diabetes, a hearing impairment, hypertension, osteoarthritis, [and] cardiomyopathy[,] among a myriad of other medical problems." (*Id.* at 8 (alterations added).) Plaintiff's cardiomyopathy requires the use of a pacemaker. (*Id.*) In 2017, he underwent aortic valve replacement and bypass surgery. (*Id.*) As a result Plaintiff requires an "individually fitted wheelchair to accommodate his mobility disability … [as] a large and tall person." (*Id.* at 3.)

Plaintiff alleges that Wyoming repeatedly mismanaged his approved reasonable accommodations and incorrectly denied other requests for reasonable accommodations. For example, Plaintiff alleges that he requires a motorized wheelchair, yet Wyoming provided him with a manual wheelchair instead. (*Id.* at 3.)

After screening Plaintiff's case, (Order, ECF No. 15, Apr. 3, 2023), Judge Wolford referred this case to me for all pretrial matters. (Text Order of Referral, ECF No. 19, May 25, 2023.) I set a Rule 16 conference

for August 23, 2023. To facilitate the conference, I issued an order directing the parties to meet and confer under Rule 26(f). (Order, ECF No. 24, June 29, 2023.) The first and only time I spoke with Plaintiff was during that Rule 16 conference on August 23, 2023. (Minute Entry, ECF No. 27.)

This case proceeded normally until Defendants moved for an order allowing them to take Plaintiff's deposition pursuant to Rule 16(b). (ECF No. 35, May 21, 2024.) Defendants indicated that Plaintiff was never deposed by the Assistant Attorney General previously assigned to this case. (Halliyade Decl. ¶ 5, ECF No. 35-1, May 21, 2024.) The new Assistant Attorney General told me that "the previous AAG was unable to conduct deposition of Plaintiff due to personal reasons, which I will be more comfortable sharing with the Court in a confidential communication." (*Id.*) But the discovery deadline had long lapsed. (Scheduling Order ¶ 3, ECF No. 28, Sept. 6, 2023 (deadline for discovery was March 22, 2024).) So, I set a conference. My text order setting that conference noted that Plaintiff had been released without updating his address:

> The Court has reviewed Defendants' motion requesting additional time to depose Plaintiff *pro se*. The Court will hold a telephone conference with the parties to discuss the motion for Plaintiff's deposition. The Court sets this conference for June 12, 2024, at 10:30 AM via telephone conference before the undersigned.
>
> As Defendants correctly note, Plaintiff was released. Based on a review of publicly available information, it appears Plaintiff was released on

3

> April 1, 2024. Yet Plaintiff has not updated his address with the Court. It is Plaintiff's duty to do so. If Plaintiff fails to update his address and does not appear at the upcoming hearing on June 12, the Court anticipates it will issue an order to show cause as to why this case should not be dismissed. If Plaintiff updates his address before the June 12 conference, the Court will re-send this text order to Plaintiff.

Plaintiff did not update his address and did not appear at the conference. (Text Order, ECF No. 37, June 12, 2024.) I issued a follow-up text order staying deadlines pending the outcome of the order to show cause:

> Plaintiff *pro se* Robert Cardew failed to appear at today's scheduled conference and has not updated his address with the Court. Accordingly, the Clerk of the Court is directed to issue an order to show cause as to why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). The Court STAYS any applicable discovery deadlines in this case pending the outcome of the order to show cause.

(*Id.*) The Clerk of the Court issued an order to show cause a day later, warning Plaintiff that his case could be dismissed. (ECF No. 38, June 13, 2024.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against" that defendant. "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)

4

(citation omitted). Accordingly, Local Rule 41 authorizes me to issue an order to show cause in these circumstances:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

After I issue an order to show cause, I must still examine five factors under controlling case law. These factors are:

1. **Duration:** "The duration of the plaintiff's failures";

2. **Notice:** "Whether plaintiff had received notice that further delays would result in dismissal";

3. **Prejudice:** "Whether the defendant is likely to be prejudiced by further delay";

4. **Calendar congestion:** "Whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process"; and

5. **Efficacy of lesser sanctions:** "Whether the judge has adequately assessed the efficacy of lesser sanctions."

*See LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (cleaned up).[1]

---

[1] For the avoidance of confusion, I note that each of these factors is quoted at the page I cited in *LeSane*. But I have chosen a more readable way to reproduce them, opting for a single citation instead of a lengthy series of quotations with separate citations, or an unwieldy block quotation

## ANALYSIS

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). This case presents the former. So, I report and recommend that Plaintiff's case be dismissed after considering the five factors provided in *LeSane* and *Alvarez*.

    **1.**     **Duration.** Here, Plaintiff's last appearance on this case was a court conference on August 23, 2023. (Minute Entry, ECF No. 27.) Plaintiff has not told the Court about a change in address, although publicly available information suggests he was released. And Plaintiff has not responded to the Court's order to show cause. (ECF No. 38.)

Although there is no fixed period of time for which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months—which is true of the delay here[2]—have been found to suffice. *Murray v. New York City Dep't of Corr.*, No. 16-CV-0676(AMD) (ST), 2016 WL 7665809, at *3 (E.D.N.Y. Dec. 23, 2016), *report and recommendation adopted*, 2017 WL 87033 (Jan. 9, 2017) (recommending dismissal of case after a delay in responding to order to show cause of a little over three months); *Lopez v. Catholic Charities of*

---

[2] Defendants' application to depose Plaintiff has been pending since late May. (ECF No. 35, May 21, 2024.) Based on the record before me, I conclude that Plaintiff has not been prosecuting his case since his release in early April.

*Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *3–4 (S.D.N.Y. Jan. 22, 2001) (dismissing where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences).

Even if the delay in responding to the order to show cause were insufficient by itself, "[c]ourts have found dismissal appropriate [for delays shorter than several months] when a party has become completely inaccessible, as inaccessibility strongly suggests that [the plaintiff is] not diligently pursuing [his] claim. *Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks and citations omitted); *Christian v. Sposato*, No. 15-CV-6874 (SJF) (AKT), 2016 WL 3647869, at *2 (E.D.N.Y. Jul. 1, 2016) ("Dismissal is appropriate after plaintiff has become completely inaccessible[.]").

Here, Plaintiff has not updated his address with the Court. For this case, the Court has no way of reaching him. But the Court is aware that Plaintiff is represented by counsel in another case before this Court. To protect Plaintiff's rights and his ability to bring this case, the Court will send this report and recommendation to his counsel in No. 21-cv-6557-CJS-MJP, *Cardew, et al. v. DOCCS, et al.*

  **2.**   **Notice.** The Court has provided Plaintiff the required notice and has gone above what it must do by providing this report and

recommendation to Plaintiff's counsel in another case. This factor favors dismissal. Further, the Second Circuit has indicated that *pro se* plaintiffs must receive more specific notice: at least one notice must warn the plaintiff that a failure to respond will result in dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The order to show cause met this requirement. It unambiguously warned Plaintiff that failure to respond would result in dismissal under Rule 41(b).

Even so, Plaintiff will have yet another opportunity to respond. First, as a magistrate judge, I cannot dismiss this action. Plaintiff may object to my report and recommendation. Second, Plaintiff's counsel in his other case may prompt Plaintiff to reply to this report and recommendation. If Plaintiff does so, I may *sua sponte* rescind my report and recommendation or amend it to recommend that Plaintiff's case not be dismissed.

But with the order to show cause and this report and recommendation, Plaintiff will have had multiple dismissal warnings. If Plaintiff takes no action, he is surely not interested in progressing this case. This factor therefore weighs in favor of dismissal. *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66–67 (S.D.N.Y. 1989) (finding dismissal pursuant to FRCP 41(b) proper, in part, where the court warned the plaintiffs that "their continued failure to prosecute diligently this action would result in dismissal pursuant to Fed. R. Civ. P. 41(b).")

**3.    Prejudice.** "Prejudice to defendants resulting from unreasonable delay may be presumed . . . but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, Plaintiff has unreasonably delayed by failing to take any action on this case since his release. Really, Plaintiff has done little on this case since the Rule 16 conference. That was the last time I heard from Plaintiff. (ECF No. 27.) I have not heard from him since, meaning, he has not filed anything on the docket. While I believe I can safely assume that Defendants have more recently been in touch with Plaintiff, I presume prejudice based on this.

Further, Plaintiff's delay could result in actual prejudice to Defendants. Lapses in time compromise witnesses' availability and their ability to accurately recall relevant events. Delays also may affect the preservation of evidence. Certainly, Plaintiff's delay in conducting discovery has hindered Defendants' ability to seek a dispositive resolution of this matter. For these reasons, this factor weighs in favor of dismissal.

**4.    Calendar congestion.** The fourth factor requires me to balance calendar congestion and a plaintiff's right to present his case. The Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to do justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968).

But Plaintiff has failed to act for a lengthy amount of time, failed to respond to the Court's communications (text orders, e.g.), failed to appear, and failed to respond to the order to show cause. Taken together, these failures "more than adequately establish[ ] that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016) (citation omitted).

Regarding due process, Plaintiff's failure to litigate this matter cannot be construed as the denial of the right to present this case. *See Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."), *judgment affirmed* 152 F.3d 917 (2d Cir. 1998). Plaintiff should know that it is his duty to update his address. Yet he did not. Nor has he responded to the Court's order to show cause, and apparently Defendants' communications. The choice not to appear is hardly a denial of due process. This factor, too, weighs in favor of dismissal.

5.   **Lesser sanctions.** Lastly, it is unlikely that lesser sanctions would be effective here. Plaintiff has not responded to the order to show cause and has not interacted with the Court since August 2023. Plaintiff's lack of engagement in this case indicates that Plaintiff is not interested in progressing this case. *Ruzsa v. Rubenstein & Sendy Attys.*

*at Law*, 520 F.3d 176, 177–178 (2d. Cir. 2008) ("In light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a lesser sanction would have proved effective in this case." (alteration added and cleaned up)). Based on this, I conclude that lesser sanctions would not be effective.

## CONCLUSION

For the foregoing reasons, I report and recommend that the Hon. Elizabeth A. Wolford, Chief Judge, dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b) for failure to prosecute.

As stated, however, this report and recommendation is being provided to Plaintiff's counsel in another case, No. 21-cv-6557-CJS-MJP, *Cardew, et al. v. DOCCS, et al*. While the Court finds no legal duty for the Court to do this, it is appropriate to do this to protect Plaintiff's rights and ability to bring his claims. **Accordingly, if Plaintiff responds to this report and recommendation within the next 14 days, I will consider rescinding or amending this report and recommendation.**

Pursuant to 28 U.S.C. § 636(b)(1), I hereby

**ORDER**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections … shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

**Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated:   July 18, 2024
         Rochester, NY          */s/ Mark W. Pedersen*
                                MARK W. PEDERSEN
                                United States Magistrate Judge